# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

No. 03-3574

RECEIVED
BY MAIL
JUL 21 2005
CLERK US DIST COURT
ST. PAUL, MN

United States of America, *
*
Appellee, *
* Appeal from the United States
v. * District Court for the
* District of Minnesota
Floyd Samuel Halverson, *
* [UNPUBLISHED]
Appellant. *

CR 02-222(2) JNE/JGL

Submitted: September 1, 2004
Filed: September 15, 2004

Before WOLLMAN, McMILLIAN, and RILEY, Circuit Judges.

PER CURIAM.

Floyd Halverson appeals from the final judgment entered in the District Court[1] for the District of Minnesota after he pleaded guilty to drug and money-laundering charges. The district court sentenced Halverson to concurrent terms of 46 months imprisonment on each count, and to concurrent terms of 4 years supervised release on the drug count and 3 years supervised release on the money-laundering count. Counsel has moved to withdraw on appeal and has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), arguing that the sentencing court violated the Ex

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

SCANNED
JUL 21 2005
U.S. DISTRICT COURT ST. PAUL

Post Facto Clause by using the 2002 Guidelines Manual in calculating the sentence for the money-laundering offense. For the reasons discussed below, we affirm the judgment of the district court.

The information to which Halverson pleaded guilty specified that the money laundering last occurred on July 2002, at which time the 2001 Guidelines Manual was in effect. Because Halverson's sentence was the same under either the 2001 or 2002 Guidelines, no ex post facto concern arises. See U.S.S.G. § 1B1.11 & comment. n.2 (court must use Manual in effect on date defendant is sentenced, unless doing so would violate Ex Post Facto Clause; controlling date for ex post facto purposes is last date when offense of conviction was committed).

We have reviewed the record independently for any nonfrivolous issues, see Penson v. Ohio, 488 U.S. 75 (1988), and we have found none.

Accordingly, we grant counsel's motion to withdraw, and we affirm.

______________________________



A TRUE COPY OF THE ORIGINAL
MICHAEL E. GANS, CLERK
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
BY Michael E. Gans